NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**BOSTON SCIENTIFIC SCIMED, INC.,**
*Appellant*

**v.**

**COOK GROUP INCORPORATED, COOK MEDICAL LLC,**
*Cross-Appellants*

**ANDREI IANCU, UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE,**
*Intervenor*

_____

2019-1594, 2019-1604, 2019-1605
_____

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2017-00435, IPR2017-00440.

_____

Decided:  April 30, 2020

_____

DAVID A. CAINE, Arnold & Porter Kaye Scholer LLP, Palo Alto, CA, argued for appellant.  Also represented by MATTHEW WOLF, Washington, DC.

LAURA A. LYDIGSEN, Brinks Gilson & Lione, Chicago, IL, argued for cross-appellants. Also represented by JEFFRY M. NICHOLS, SARAH GOODMAN, ANDREW MCELLIGOTT, JASON WAYNE SCHIGELONE.

SARAH E. CRAVEN, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, argued for intervenor. Also represented by THOMAS W. KRAUSE, ROBERT J. MCMANUS, FARHEENA YASMEEN RASHEED.

_____

Before PROST, *Chief Judge,* DYK and O'MALLEY, *Circuit Judges.*

DYK*, Circuit Judge.*

Boston Scientific Scimed, Inc. ("Boston") appeals from the final written decisions of the Patent Trial and Appeal Board ("Board") in two related inter partes reviews ("IPRs"), Nos. 2017-00435 and -00440, finding that claims 1–4, 6–7, 9–16, 18, and 20 and proposed amended claims 21, 30, and 38 of U.S. Patent No. 9,271,731 ("the '731 patent") are unpatentable. Cook Group Inc. and Cook Medical LLC (collectively, "Cook") cross-appeal from the Board's finding that Cook failed to demonstrate by a preponderance of the evidence the unpatentability of claims 5, 8, 17, and 19 of the '731 patent. The Director of the U.S. Patent & Trademark Office ("government") intervened for the limited purpose of determining "whether the Board, after deciding that the petitioner has prevailed on all its challenged claims, must decide [any] additional grounds [raised in the petition under] 35 U.S.C. § 318(a) and *SAS Institute Inc. v. Iancu*, 138 S. Ct. 1348 (2018)." U.S. Br. 1. Because the Board erred in its analysis of claims 8 and 20, we *vacate* and *remand* to the Board for further consideration of those claims. On all other grounds, we find no error in the Board's decision and *affirm*.

BOSTON SCIENTIFIC SCIMED, INC. v. COOK GROUP                    3
INCORPORATED

## BACKGROUND

### I

The '731 patent discloses a reversibly closeable compression clip for endoscopically stopping bleeding of blood vessels along the gastrointestinal tract. Claims 1 and 20 are representative of the claims at issue on appeal:

1. A medical device, comprising:

a clip including first and second clip arms, the clip being movable between an open tissue receiving configuration in which the first and second arms are separated from one another by a distance selected to receive tissue there between and a closed configuration in which the first and second arms are moved inward to capture the tissue received therebetween; and

an opening element engaging inner walls of the first and second clip arms, the opening element urging the first and second clip arms away from one another into the open tissue-receiving configuration, wherein the opening element is movable between an expanded configuration and a retracted configuration to correspond to a movement of the clip between the open tissue receiving configuration and the closed configuration.

J.A. 172 at 15:36–52.[1]

20. A method for capturing tissue, comprising:

inserting a medical device comprising a clip having first and second clip arms to a target tissue site, the

---

[1]    Independent claim 12 further includes "a control wire coupled to a proximal end of the clip and operable to move the clip between the open and closed configurations." J.A. 172 at 16:40–42.

clip including an opening element engaging inner walls of the first and second clip arms and urging the clip to an open tissue receiving configuration;

moving a control wire coupled to a proximal end of the clip distally to move the first and second clip arms away from one another to the open tissue receiving configuration;

moving the control wire proximally to move the first and second clip arms toward one another to a closed tissue capturing configuration; and

applying a proximal tensile force exceeding a threshold level to the control wire to separate the control wire from the clip.

J.A. 173 at 17:1–15.

## II

Cook's petitions asserted several grounds of unpatentability, challenging claims 1–20 of the '731 patent based on U.S. Patent No. 5,626,607 ("Malecki"), U.S. Patent No. 5,749,881 ("Sackier"), U.S. Patent No. 5,843,000 ("Nishioka"), and Japanese Patent Application No. S58-211381 ("Shinozuka"). The Board found claims 1–3, 10–16, and 18 unpatentable as anticipated by and obvious over Nishioka and claims 1–2, 4, 6–7, 9–10, 12–13, and 20 unpatentable as obvious over Shinozuka and Sackier. The Board found that Cook failed to carry its burden to prove claim 17 unpatentable as anticipated by or obvious over Malecki and to prove claim 8 unpatentable as obvious over Sackier and Shinozuka. The Board also rejected Boston's proposed amended claims 21, 30, and 38 as obvious over a new

combination of references—Sackier and U.S. Patent No. 4,733,664 ("Kirsch").[2]

The parties timely appealed the Board's final decisions. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

## DISCUSSION

We review the Board's factual findings for substantial evidence and the Board's legal conclusions de novo. *IPCom GmbH & Co. v. HTC Corp.*, 861 F.3d 1362, 1369 (Fed. Cir. 2017).

## I

On appeal, Boston challenges the Board's finding that claims 1–3, 10–16, and 18 unpatentable as anticipated by and obvious over Nishioka and that claims 1–2, 4, 6–7, 9–10, 12–13, and 20 unpatentable as obvious over Shinozuka and Sackier. Boston also challenges the Board's rejection of proposed amended claims 21, 30, and 38 as obvious over Sackier and Kirsch.

On cross-appeal, Cook challenges the Board's finding that claim 8 is non-obvious over Shinozuka and Sackier and that claim 17 is not anticipated by Malecki. Cook also argues that it was error for the Board to not find claims 5, 8, 17, and 19 obvious over Sackier and Kirsch in view of its decision finding proposed amended claims 21, 30, and 38 obvious over these references.

We have considered Boston's and Cook's arguments on appeal and cross-appeal. We conclude that the Board's decisions of patentability as to claims 1–4, 6–7, 9–16, 18, and proposed amended claims 21, 30, and 38 are in accordance with the law and supported by substantial evidence. We

---

[2]    We describe the proceeding below only as it relates to the claims at issue on appeal.

therefore affirm as to all anticipation and obviousness issues related to these claims.

Two remaining issues require discussion: the Board's inconsistent analysis of claims 8 and 20, and Cook's argument as to claims 5, 8, 17, and 19.

A

Both parties argue that the Board's conclusions as to claim 8 and claim 20 are internally inconsistent. The Board found claim 8 not unpatentable over Shinozuka and Sackier while finding claim 20 unpatentable over the same references.

Claim 8 requires that the "application of a proximal tensile force greater than the predetermined threshold value causes the control wire to disengage from the clip." J.A. 172 at 16:4–6. Claim 20 requires "applying a proximal tensile force exceeding a threshold level to the control wire to separate the control wire from the clip." J.A. 173 at 17:13–15. Thus, as the parties acknowledge, both claim 8 and claim 20 are directed to a clip detachable or separable via tensile force from a control wire.

The prior art Sackier reference discloses a clamp that can be moved between a free (open) state and operable (closed) state for use in occluding portions of the body during laparoscopic surgery. Sackier also discloses a clamp applier that contains a means to engage and disengage the clamp jaws. The relevant aspects of Sackier are depicted in Figures 15–17:



J.A. 3694.[3]

Shinozuka discloses a clip device that can be inserted into the body, along with a control wire, during an endoscopy. Once the clip is closed by a clip-tightening ring, it can be disengaged from the control wire via jiggling, in the plane defined by axes a-b, as shown below, and left within the body.

---

[3] The Sackier patent issued with some figures that do not have reference numbers. *See* J.A. 3387. For convenience, we include the numbered figures submitted by Boston during prosecution, rather than the figures from the issued patent.

Fig. 3

J.A. 3407.

For claim 8, the Board found that neither Sackier nor Shinozuka discloses disengaging the clip with tensile force, and the claim is thus not obvious over this combination of references. It explained that "Sackier's existing ball and socket clamp is not detachable through the application of a proximal tensile force," J.A. 55, and that, in Shinozuka, "[t]he movement in the 'a' or 'b' direction or a combination of these directions allows for the claw to essentially be 'jiggled' or shaken off, but not pulled by a tensile load," J.A. 54. Since claim 20, just as claim 8, requires a control wire with a connection breakable from a tensile force, the Board's conclusion that claim 20 is obvious over the same set of references is inconsistent, and a remand is required to address the inconsistency.

On remand, the Board must consider the patentability of claim 8 without relying on its decision in IPR2017-00135 (IPR '135). J.A. 55 (citing *Cook Grp. Inc. v. Bos. Sci. Scimed, Inc.*, No. IPR2017-00135, 2018 Pat. App. LEXIS 10664 (P.T.A.B. Nov. 15, 2018)). In finding claim 8 not unpatentable in view of Sackier and Shinozuka, the Board referred to IPR '135 that analyzed Sackier in relation to a similar claim limitation, in claims 11, 15, and 17 of U.S.

Patent No. 8,974,371, requiring a "control element" detachable via tensile force. *See Cook Grp.*, 2018 Pat. App. LEXIS 10664, at *73–74. In finding here that "Sackier's existing ball and socket clamp is not detachable through the application of a proximal tensile force" with respect to claim 8, the Board relied primarily on its reasoning in IPR '135. J.A. 55. This was error because in IPR '135 the Board took little or no account of the fact that "Patent Owner changed its position from the Preliminary Response" regarding whether Sackier discloses a clip with "a link . . . that become[s] unlinked when a tensile load is applied." *Cook Grp.*, 2018 Pat. App. LEXIS 10664, at *18, *67–68, *74. As discussed in our decision in *Cook Group Inc. v. Boston Scientific Scimed, Inc.*, No. 2019-1370 (Fed. Cir. 2020) (*Cook Group I*), being issued contemporaneously, we hold that "an admission in a preliminary patent owner response, just like an admission in any other context, is evidence appropriately considered by a factfinder." *Id.*, slip op. at 17. On remand, the Board thus cannot rely on its reasoning in IPR '135 and must make a new determination about whether Sackier discloses a link detachable via tensile force in light of Boston's admissions made in its preliminary patent owner responses in the proceedings addressed in *Cook Group I* and IPR '135.

In rendering a decision regarding whether Sackier discloses a link detachable via tensile force, the Board must be consistent with the decision it renders pursuant to IPR2017-00134, which is vacated and remanded in *Cook Group I*.

B

On cross-appeal, Cook argues that because the original claims of the '731 patent (including dependent claims 5, 8, 17, and 19 not found unpatentable by the Board) contain the same limitations as the proposed amended claims 21, 30, and 38, which the Board rejected over Sackier and

Kirsch, the Board should have found the original claims unpatentable over those references as well.

Cook never asserted that the '731 patent claims were obvious over Sackier and Kirsch in its petitions. We have previously rejected the argument that Cook now makes in *Sirona Dental Systems GmbH v. Institut Straumann AG*, 892 F.3d 1349 (Fed. Cir. 2018). In *Sirona*, the petitioner argued that the Board should apply its findings from a denial of patent owner's motion to amend original claims 1–8 to its analysis of a claim term of "similar scope" in original claims 9 and 10. *Id.* at 1357–58. We rejected this argument because "[w]hen analyzing the contingent motion to amend, the Board considered multiple references . . . that were not asserted together in the petition." *Id.* at 1358. Just as in *Sirona*, "Petitioners [here] are, in essence, attempting to add references to the ground of unpatentability put forth in their petition[s]." *Id.* Because Cook never asserted that the '731 patent claims are obvious over Sackier and Kirsch in its petitions, "[w]e see no error in the Board's decision not to decide grounds of unpatentability not raised in the petition[s]." *Id.*

Cook contended at oral argument that "if th[is] court doesn't take action, . . . Boston is going to assert those claims [5, 8, 17, and 19 in an infringement proceeding] . . . and then point to [35 U.S.C. § 315(e)] of the Patent Act governing Inter Partes Review and say[ Cook] can't challenge [those claims] even though there's a finding of invalidity [by the Board]." Oral Arg. 17:54–18:18, available at http://oralarguments.cafc.uscourts.gov/default.aspx?fl= 2019-1594.mp3. But because this theory—i.e., that claims 5, 8, 17, and 19 of the '751 patent are invalid under a theory of collateral estoppel in a district court proceeding—is not one Cook "reasonably could have raised" in the IPR proceeding, Cook may still assert this theory in district court. We of course do not address the merits of the collateral estoppel theory.

## II

In its opening cross-appeal brief, Cook argued that "the Board violated the Supreme Court's mandate in *SAS*" when the Board declined to address Cook's alternative arguments with respect to claims it found unpatentable on other grounds. Cook Op. Br. 84–86. The government intervened asking us to find that "[t]he Board has the discretion to decline to decide additional instituted grounds once the petitioner has prevailed on all its challenged claims." U.S. Br. 3. Cook clarified at oral argument that it does not dispute that the Board has such discretion. We agree that the Board need not address issues that are not necessary to the resolution of the proceeding.

## CONCLUSION

We vacate and remand the Board's decision on the patentability of claims 8 and 20 over Shinozuka and Sackier. We affirm the Board's decisions in all other respects.

**AFFIRMED IN PART AND VACATED AND REMANDED IN PART**

## COSTS

Each party shall bear its own costs.